MICHAEL F. Cox, Plaintiff, *v.* LESLIE M. BARNETT, Defendant.

Supreme Court, Special Term, New York County, June 8, 1962.

*Jackson, Nash, Brophy, Barringer & Brooks (Sherman J. Saxl* of counsel), for defendant. *Benjamin Esberg* for plaintiff.

OWEN McGIVERN, J. Defendant moves for dismissal of the complaint for legal insufficiency.

Plaintiff has stated two causes, each in libel. The letter, subject of the first cause, is as follows:

> Mr. Michael F. Cox:
> Dear Mike:
>
> We had a report that you were on the premises of the Leisure Technology plant last nite after working hours.
>
> Whether or not this is accurate reporting, of course I have no way of knowing.
>
> However, it presents us with the opportunity of advising you that this is not permissable and we shall appreciate your abiding by our regular working hours should you desire to visit the plant. You certainly are welcome during regular business hours.
>
> Should it occur that we have definite reason to know you are not acceding to this request it will be necessary that the locks be changed, something we wish to avoid.
>
> With kindest regards,
> Sincerely yours,
> LEISURE DEVICES, INC.
> Leslie M. Barnett
> President

Plaintiff alleges that he is the equitable owner of 50% of the stock of Leisure Technology, Inc., and is an employee thereof, while the defendant was neither a stockholder, director nor officer. Francis Tittmann, to whom a copy of the letter was directed, was at the time president of plaintiff's employer and its chief executive officer. Plaintiff contends that the letter is libelous per se, and no allegation of special damage is necessary. The status of the defendant, as the signer of the letter on behalf of Leisure Devices, Inc., with respect to the subject matter of the letter, is not set forth in the complaint, but there is sufficient to warrant the inference of common interest. In any event, the letter expressly sets forth the purpose to require compliance with the requirement for attendance at the plant during regular working hours only.

There is no room for the charge made by way of innuendo that the letter was meant by the defendant and intended to mean that the plaintiff was dishonest and untrustworthy, or capable of committing a crime in entering upon the premises outside of working hours for an illegal or improper purpose. Accordingly, in the absence of a statement of special damages, the first cause of action is insufficient.

In the second cause, the plaintiff complains of the following writing:

*MIKE*
*CHARLES*

Jack says " Red " Cox claims to be my associate — Comes in here to check on my movements — My car. He, Cox is *not* my associate; Please keep him off these premises — Away from my car.

L. M. BARNETT

Nothing contained in that writing, which is expressly limited in its purpose, would warrant the charge made by way of innuendo that defendant meant and intended to mean that plaintiff was dishonest and untrustworthy and capable of committing a crime upon entering defendant's car without his permission and for an improper and illegal purpose. In the absence of a statement of special damage, the second cause is also insufficient.

The motion is granted, with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.